```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
YESID REMIGIO VARGAS-CUENCA,             :
                                         :    13 Civ. 0943 (DLC)
                      Petitioner,        :    05 Cr. 1262 (DLC)
                                         :
         -v-                             :
                                         :    MEMORANDUM OPINION
UNITED STATES OF AMERICA,                :        AND ORDER
                                         :
                      Respondent.        :
                                         :
-----------------------------------------X
```

APPEARANCES

For the Petitioner:

J. Roberto Cardenas
119 West 57th Street, Suite 1215
New York, NY 10019


For the Respondent:

Marc P. Berger
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007


DENISE COTE, District Judge:

On February 2, 2013, Yesid Vargas-Cuenca ("Vargas") filed a petition pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus. For the following reasons, the petition is denied.

BACKGROUND

The pertinent facts can be quickly summarized. On

September 4, 2008, Vargas pled guilty to Count One of the Indictment against him, pursuant to a plea agreement that contained a waiver of appellate rights and of the right to file a habeas petition challenging his sentence, so long as the sentence did not exceed the stipulated guidelines range.  On December 12, 2008, Vargas was sentenced principally to a term of imprisonment of 135 months, which was at the bottom of the stipulated sentencing guidelines range.  Vargas filed an appeal, which the Court of Appeals dismissed on January 21, 2010.

Meanwhile, in March of 2009, Vargas met on one occasion with an Assistant United States Attorney ("AUSA") in the Eastern District of New York to offer his cooperation in connection with the prosecution of an individual ("Individual").  That Individual was convicted at trial in April 2011.  Vargas was not called as a witness against the Individual.  The AUSA from the Eastern District stated, in a letter of October 31, 2011, that "the information provided by [Vargas] was not used in the EDNY prosecution of [the Individual] and did not result in any charges of additional persons."

On July 30, 2012, the Government advised Vargas's counsel that it would not file a motion under Rule 35(b), Fed.R.Crim.P.  Rule 35(b) provides circumstances under which "the court may reduce a sentence," "[u]pon the government's motion made more than one year after sentencing, based on "the defendant's

substantial assistance."

On December 3, 2012, counsel for Vargas wrote to the Court to request that Vargas be resentenced under Rule 35(b) due to his substantial assistance. An Order of January 8, 2013 required Vargas to make his request by formal motion.

On February 2, 2013, Vargas filed a habeas petition under § 2255, seeking a sentence reduction under Rule 35(b) due to his substantial assistance. The Government filed an opposition on April 18, and Vargas a reply on June 12.

DISCUSSION

The Government has opposed Vargas's habeas petition on several grounds. It is unnecessary to reach all of them.

First, this petition is untimely. AEDPA provides a one-year period of limitations for a federal inmate to file a habeas petition under 28 U.S.C. § 2255, which begins to run from the latest of a number of triggering events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," id. § 2244(d)(1)(A), and "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," id. § 2244(d)(1)(D). Vargas's one-year clock began to run when his appeal was denied in January 2010, but the instant petition was

3

not filed until three years later, in February 2013.  Moreover, Vargas knew no later than April 2011 that the Individual had been convicted; by waiting until 2013 to pursue his belief that he was entitled to resentencing under Rule 35(b) based on his substantial assistance, Vargas failed to act with due diligence.  The advice from the Government in July 2012 that it would not file a Rule 35(b) motion did not restart the statutory one-year period for filing a habeas petition.

Separately, Rule 35(b), Fed.R.Crim.P., does not provide a basis for resentencing the defendant based on his substantial assistance to the Government following sentencing.  There is no basis to find that Vargas provided substantial assistance to the federal authorities.  In any event, Rule 35(b) requires a <u>motion</u> made <u>by the Government</u>.  The Government has made no such motion here, and the Court cannot review this absent a substantial showing that the Government's conduct was the product of an unconstitutional motive.  <u>See</u> <u>United States v. Wade</u>, 504 U.S. 181, 185-86 (1991).  Vargas has presented no reason to believe such a motive exists here.  Finally, while Vargas cites authority permitting courts to scrutinize cooperation agreements, <u>e.g.</u>, <u>United States v. Knights</u>, 968 F.2d 1483, 1486 (2d Cir. 1992), he concedes that there was no cooperation agreement here.

4

CONCLUSION

Vargas's February 2, 2013 petition for a writ of habeas corpus is denied. In addition, a certificate of appealability shall be not granted. The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         February 20, 2014

                                    _____
                                           DENISE COTE
                                    United States District Judge